IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

NORTHFIELD INSURANCE
COMPANY,
        Plaintiff,

-vs-

CHARLES HERRERA,
        Defendant.

CAUSE NO.:
A-16-CA-00553-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Northfield Insurance Company (NIC)'s Motion for Summary Judgment [#23], Defendant Charles Herrera's Response [#27] in opposition, Plaintiff's Reply [#30] in support; as well as Defendant's Motion for Summary Judgment [#25], Plaintiff's Response [#28] in opposition, and Defendant's Reply [#29] in support. Having considered the case file and the applicable law, the Court enters the following opinion and orders.

### Background

This case involves a dispute over insurance coverage. Plaintiff NIC issued a commercial general liability insurance policy to Defendant Austin Elevator Consultants, d/b/a Charles Herrera for the period from September 26, 2013 to September 26, 2014. Compl. [#1-2] Ex. 2 (Policy) at 1. Under the Policy, NIC agreed to "to defend the insured against any 'suit' seeking" damages for "'bodily injury' or 'property damage' to which this insurance applies." *Id.* at 19. The Policy contained various endorsements limiting the scope of coverage, including the following bodily injury exclusion:

This insurance does not apply to "bodily injury" to:

. . .

> **(3)** Any person who is employed by, is leased to or contracted with any organization that:
>
>> **(a)** Contracted with you or with any insured for services; or
>>
>> **(b)** Contracted with others on your behalf for services;
>
> arising out of and in the course of employment by that organization or performing duties related to the conduct of that organization's business; or

Policy at 36 (the Exclusion).

During the policy period, on March 18, 2014, Thomas McCoy sustained injuries as the result of an alleged elevator failure at the Sandhill Energy Center (SEC) in Austin, Texas (the Incident). Pl.'s Mot. Summ. J [#23] at 2. At the time of the Incident, McCoy was an employee of Austin Energy, the operator of the SEC. Stipulation [#22] at ¶ 5. Austin Energy had contracted with Herrera to service and maintain the elevator involved in the Incident. *Id.* at ¶ 3. McCoy filed a lawsuit (the McCoy Lawsuit) against Herrera and his company, among others, on December 22, 2015 in Travis County District Court seeking damages for the injuries he allegedly suffered in the Incident. Compl. [#1-1] Ex. 1 (McCoy Petition).

Although NIC has defended Herrera in the McCoy Lawsuit, it filed this lawsuit seeking declaratory judgment that it has no duty to defend or indemnify Herrera in the McCoy Lawsuit. Both NIC and Herrera have moved for summary judgment on the interpretation of the Exclusion and whether NIC owes a duty to Herrera under the Policy. The motions are fully briefed and ripe for consideration.

## Analysis

### I. Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

As indicated above, NIC and Herrera dispute the scope of coverage under the Policy. NIC argues it has no duty to defend Herrera in the McCoy Lawsuit because the underlying bodily injury from the Incident falls within the Exclusion. *See* Pl.'s Mot. Summ. J. [#23] at 4–5. According to NIC, McCoy was "employed by" Austin Energy that itself "[c]ontracted with [Herrera] . . . for services arising out of and in the course of employment by that organization or performing duties related to the conduct of that organization's business," such that any bodily injury sustained by McCoy is not covered by the Policy. *Id.* at 5 (quoting the Exclusion from the Policy at 36). NIC therefore asserts the allegations in the McCoy Lawsuit present no matter that could potentially be covered by the Policy, thereby absolving it of any duty to defend or indemnify Herrera. *See id.* at 4–6.

On the other hand, Herrera argues the Exclusion does not apply to any bodily injury sustained in the Incident. Specifically, Herrera contends the only reasonable interpretation of the Exclusion is it applies downstream to exclude coverage to Herrera, and his employees and subcontractors. Def.'s Mot. Summ. J. [#25] at 4. Herrera asserts applying the Exclusion upstream to parties Herrera conducts business with under contract, as NIC suggests, would render the Policy illusory. *Id.* at 5–6. In the alternative, Herrera argues the Exclusion is ambiguous and should be interpreted in his favor as the insured. *Id.* at 6–7.

4

Under Texas law, courts give insurance policy language "its ordinary and generally accepted meaning unless the policy shows that the words used are intended to impart a technical or different meaning." *Tesoro Ref. & Mktg. Co. LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 96 F. Supp. 3d 638, 644–45 (W.D. Tex. 2015), *aff'd*, 833 F.3d 470 (5th Cir. 2016). Insurance policy language is ambiguous only if it is susceptible to two or more reasonable interpretations, and disagreement by the parties over the language does not render the language ambiguous. *Id.* Where, as is the case here, the disputed provision in the insurance policy is an exclusion, the insurer bears the burden of establishing that the exclusion applies. *Am. Home Assur. Co. v. Cat Tech L.L.C.*, 660 F.3d 216, 220 (5th Cir. 2011).

The Court finds the Exclusion is unambiguous, and Herrera offers the only reasonable interpretation of the disputed language. The disputed portion of the Exclusion precludes coverage for bodily injury to "(3) [a]ny person who is employed by, is leased to or contracted with any organization that . . . (a) Contracted with you or with any insured for services . . . arising out of and in the course of employment by that organization or performing duties related to the conduct of that organization's business." *See* Policy at 36. Reviewing this language in the context of the Exclusion as a whole, it is clear the provision was intended to run downstream to employees and workers of Herrera's subcontractors. The preceding sections of the Exclusion exclude coverage for bodily injury to (1) Herrera's employees and workers, and (2) Herrera's subcontractors performing duties related to his business. *See* Policy at 36 (referring to 1(1) and 1(2) respectively). Following the logical progression, the next section containing the disputed language excludes coverage for bodily injury to employees and workers of Herrera's subcontractors and their subcontractors. Tellingly, Northland Insurance Company (the parent company of NIC) offered this exact interpretation in another lawsuit involving the same

5

exclusion. *See Northland Ins. Co. v. Doval Remodeling, Inc. et al*, No. 1:13-cv-13192-GAO, Mot. Summ. J. [#36] at 8 (characterizing the disputed language from the Exclusion as precluding coverage to "an employee of [the insured's] subcontractor" and "an employee of [the insured's] sub-subcontractor").

NIC's expansive reading of the Exclusion is unreasonable because it would render coverage under the Policy largely illusory. *See ATOFINA Petrochemicals, Inc. v. Cont'l Cas. Co.*, 185 S.W.3d 440, 444 (Tex. 2005) (rejecting insurer's interpretation because it "would render coverage under the endorsement largely illusory"). According to NIC's interpretation, the Exclusion extends upstream to employees of any organization Herrera contracts with. The term "contracted with" is defined broadly in the Policy to include "contracting with an oral or written contract." *See* Policy at 36. Thus, NIC's reading of the Exclusion would preclude coverage for bodily injury to "[a]ny person who is employed by, is leased to or contracted with" Herrera's customers. Such an interpretation in unreasonable because it would eviscerate the Policy's coverage and undermine the very purpose service-providing businesses like Herrera carry general liability insurance. *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 828 (Tex. 1997) (rejecting insurer's interpretation of exclusion provision because it "would render insurance coverage illusory for many of the things for which insureds commonly purchase insurance").

In light of the above interpretation, Court concludes the Exclusion does not preclude coverage to Herrera under the Policy. Stated differently, NIC has failed to carry its burden of establishing the Exclusion applies to the disputed coverage in the McCoy Lawsuit. The Court cannot rule as a matter of law that the Exclusion absolves NIC of any duty to defend or indemnify Herrera.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Charles Herrera's Motion for Summary Judgment [#25] is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff Northfield Insurance Company's Motion for Summary Judgment [#23] is DENIED.

SIGNED this the 6th day of November 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE